IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00568-WDM-MEH

STEVEN R. RADER, and
VIVIAN L. RADER,

    Petitioners,

v.

UNITED STATES OF AMERICA,

    Respondent.

---

## RECOMMENDATION ON PETITION TO QUASH

---

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before the Court is a Petition to Quash IRS Summons ("Petition") [filed March 20, 2008; doc #1]. In response to the petition, Respondent filed a Motion to Summarily Deny Petition [doc. #9]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1.C, the Petition has been referred to this Court for recommendation. Oral argument would not materially assist the Court in its consideration of this matter. The Court recommends that, for the reasons stated herein, the Motion be **granted** and the Petition be dismissed.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

This case was initiated on March 20, 2008 with the filing of a "Petition to Quash Three IRS 3rd party summonses; Request for a Show Cause/Evidentiary Hearing; and Request for Protective Orders." Doc. #1. The petition consists of 98 pages and includes copies of three Summonses issued by the Internal Revenue Service ("IRS") to Wells Fargo Bank, N.A., Rio Grande Savings & Loan in Monte Vista, CO, and Citizens Bank of Pagosa Springs, CO. *Id.* at 12-23. Each summons seeks financial information about Steven R. Rader, Vivian L. Rader and Steve Rader Plumbing. *Id.* Also attached are copies of the notices to Petitioners of the summonses and correspondence between Petitioners and IRS Agent William R. Sothen. Essentially, Petitioners seek to quash the summonses on the basis that Agent Sothen has acted in "bad faith" by failing to produce documentation and/or verification that Petitioners are "taxpayers" obligated to file annual income tax forms, and that Petitioners were involved in a "taxable activity" during the years in question. Doc. #1 at 3-4. Petitioners request "protective orders" from the Court requiring that Respondent produce the requested information, that Respondent be "stayed" from "alteration of [Petitioners'] records" and that Agent Sothen be "restrained" from taking further action involving Petitioners until the government produces the information requested above. *Id.* at 7.

In response to the petition, Respondent filed a Motion to Summarily Deny Petition to Quash and Counter-Petition to Enforce the Internal Revenue Summonses on May 5, 2008 [doc. #9]. Petitioners did not file a response to the motion. *See* D.C. Colo. LCivR 7.1C.

## DISCUSSION

It is well-established that the IRS need only demonstrate good faith in issuing a summons as follows: "[the IRS Commissioner] must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought

2

is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed - in particular, that the 'Secretary or his delegate,' after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect." *United States v. Powell*, 379 U.S. 36, 57-58 (1978); *see also United States v. Stuart*, 489 U.S. 353, 359 (1989). The statute must be "read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." *United States v. Balanced Financial Mgmt.*, 769 F.2d 1440, 1443 (10th Cir. 1985).

Once the IRS has made such a showing, it is entitled to an enforcement order unless the taxpayer can show that the IRS is attempting to abuse the court's process. "Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Powell,* 379 U.S. at 58; *see also United States v. Bisceglia,* 420 U.S. 141, 146 (1975). The taxpayer carries the burden of proving an abuse of the court's process. *Powell,* 379 U.S. at 58.

Appropriate defenses the taxpayer may invoke include: (1) that the summons issued after the IRS had already recommended criminal prosecution to the Justice Department; (2) that the summons was issued in bad faith; (3) that the IRS already had possession of the materials sought in the summons; or (4) that the materials sought in the summons are protected by a traditional privilege, such as the attorney-client privilege or the work-product doctrine. *United States v. Riewe,* 676 F.2d 418, 420 n. 1 (10th Cir.1982).

**A.     Special Agent's Affidavit**

The IRS can generally meet its burden to show good faith by producing an affidavit of the Special Agent who issued the summons. *Codner v. United States,* 17 F.3d 1331, 1332-33 (10th Cir.

1994); *Balanced Fin. Mgmt., Inc.,* 769 F.2d at 1443. Here, the IRS provides an affidavit by Special Agent Sothen indicating that "[n]o Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), is in effect for either Petitioner with respect to the tax periods"at issue.[2] *See* doc. #9-3. The affidavit also states that (1) the purpose of the investigation is to determine the Petitioners' correct tax liabilities; (2) the information and/or records sought by the summons may be relevant to this purpose; (3) the IRS is not already in possession of the information and records it seeks; and (4) "[a]ll administrative steps required by the Internal Revenue Code for the issuance of the summons [...] have been taken." *Id.*

Based on this affidavit, this Court recommends finding that the IRS has satisfied its minimal burden to show good faith and the lack of a referral to the Justice Department. *See Balanced Fin. Mgmt., Inc.,* 769 F.2d at 1443 n. 1. I therefore proceed to consider Petitioners' challenges to the summonses.

**B.     Petitioners' Allegations and Evidence**

Petitioners bear a heavier burden in attempting to show the IRS's lack of good faith or that the summonses constitute an abuse of the court's process. In particular,

> [i]n responding to the Government's showing, it is clear that a taxpayer must factually oppose the Government's allegations by affidavit. Legal conclusions or mere memoranda of law will not suffice. Allegations supporting a "bad faith" defense are ... insufficient if conclusionary. [I]f at this stage the taxpayer cannot refute the government's *prima facie* [good faith] showing or cannot factually support a proper affirmative defense, the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing.

*Balanced Fin. Mgmt., Inc.*, 769 F.2d at 1444 (quotations, citations omitted).  Unsupported

---

[2]26 U.S.C. § 7602(d) provides that the IRS may not issue a summons if a referral to the Justice Department is in effect, and defines that such a referral is in effect if:(i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws, or(ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

4

allegations do not meet this substantial burden. *Id.* I consider below whether Petitioners' contentions satisfy this burden.

Petitioners contend that Respondent has acted in bad faith by failing or refusing to produce documentation and verification that they are "taxpayers" required to file annual income tax forms, that they were involved in "taxable activity" during the tax years in question, and that there is a lawfully determined exemption amount for the years in question. Doc. #1 at 3-4. Petitioners state that such documentation and verification were requested in a letter dated January 25, 2008. *Id.* at 26-27. However, the Petitioners' own evidence reflects that Agent Sothen did, in fact, respond to Petitioners' requests for information on February 25, 2008. *Id.* at 53-56. Particularly, Agent Sothen directed Petitioners to certain Internal Revenue Code citations for answers to most of their questions, and directly answered the other questions. *Id.* The Court finds no bad faith in this exchange of information.

In addition, Petitioners contend that Respondent has acted in bad faith by failing to respond timely to requests for documentation pursuant to the Freedom of Information Act and the Privacy Act. Doc. #1 at 3-4. However, Petitioners have certain avenues of relief for such claims, and a petition to quash an IRS summons is not one of them. *See* 5 U.S.C. § 552(a)(4)(B); *see also Arns v. United States*, 39 Fed. Appx. 442, *2 (7th Cir. June 28, 2002) (unpublished) (petitioner "attempt[ed] to improperly fold his FOIA claim into his petition to quash the summons instead of filing a separate complaint as dictated by the FOIA to enjoin the IRS to turn over the requested information"). Consequently, there is no basis for an allegation of bad faith in this instance.

In fact, the evidence reflects that Agent Sothen has attempted to schedule a meeting with Petitioners in furtherance of his investigation and requests proper contact information to "facilitate communication." *See* doc. #1 at 48, 56. There is no evidence Petitioners have complied.

5

Consequently, this Court recommends finding that Petitioners have failed to meet their heavy burden to establish bad faith or abuse of process on the part of the Respondent in this matter, and that no evidentiary hearing is therefore required.

## **CONCLUSION**

Based on the foregoing, and the entire record herein, I do hereby **recommend** that the District Court grant Respondent's Motion to Summarily Deny Petition to Quash and Counter-Petition to Enforce the Internal Revenue Summonses [filed May 5, 2008; doc #9] and dismiss the Petition to Quash IRS Summonses.

Dated at Denver, Colorado, this 4th day of June, 2008.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge