IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 08-CV-00568-WDM-MEH

STEVEN R. RADER and
VIVIAN R. RADER,

    Petitioners,

v.

UNITED STATES OF AMERICA,

    Respondent.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

    This matter is before me on a recommendation of Magistrate Judge Michael E. Hegarty, issued June 4, 2008 (Docket No. 13), recommending that Respondent's Motion to Summarily Deny Petition (Docket No. 9) be granted and Petitioners' Petition to Quash Three [Internal Revenue Service ("IRS")] 3rd Party Summonses; Request for a Show Cause/Evidentiary Hearing; and Request for Protective Orders" ("Petition") (Docket No. 1) be dismissed. Petitioners filed a timely objection to the recommendation and, therefore, are entitled to *de novo* review of the portions of the recommendation to which objection was made. 28 U.S.C. § 636(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). I must construe Petitioners' pleadings liberally and hold them to a "less stringent standard" because they are proceeding *pro se*. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se

litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))). For the reasons set forth below, I accept Magistrate Judge Hegarty's recommendation.

## Background

Petitioners initiated the instant action on March 20, 2008 by filing the Petition. The summonses that Petitioners seek to quash were third party summonses served by the IRS on Wells Fargo Bank, N.A. in Durango, CO; Rio Grande Savings & Loan in Monte Vista, CO; and Citizens Bank of Pagosa Springs in Pagosa Springs, CO seeking information about Steven R. Rader, Vivian L. Rader, and Steve Rader Plumbing. (Docket No. 1 at 12–23.) According to the affidavit of IRS Agent William R. Sothen, the IRS is conducting an investigation into the tax liability of Petitioners and Steve Rader Plumbing for the years 2003, 2004, 2005, and 2006. Agent Sothen indicates that the summoned banks have information regarding such tax liability.

The Petition seeks to quash the petitions because Agent Sothen acted in "bad faith" by failing to produce documentation or verification that Petitioners are "taxpayers" or that Petitioners were engaged in taxable activity during the years in question. Petitioners also appear to allege that Agent Sothen acted in bad faith by intentionally failing to adequately respond to their Freedom of Information Act ("FOIA") requests. The Petition seeks protective orders (1) ordering the government to immediately comply with their FOIA requests; (2) staying the government from altering Petitioners' records; (3) temporarily restraining Agent Sothen and the IRS

from engaging in any actions with respect to Petitioners until the government complies with Petitioners' FOIA requests; and (4) ordering the government to show cause by answering a series of questions involving, *inter alia*, the statutes under which Petitioners' tax liability allegedly lies, the forms necessary to determine tax liability and whether these forms violate constitutional rights, and how exemptions are determined. Finally, Petitioners argue that they have made the showing necessary to entitle them to an evidentiary hearing.

## Discussion

The "IRS has broad authority to issue summonses in support of its efforts to determine taxpayers' tax liabilities." *Codner v. United States*, 17 F.3d 1331, 1332 (10th Cir. 1994) (citations omitted). In *United States v. Powell*, 379 U.S. 48 (1964), the Supreme Court set forth the standards for enforcement of an administrative summons. The government

> must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed–in particular, that the 'Secretary or his delegate,' after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.

*Id.* at 57–58. "The [government's] burden is a slight one because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985) (citing *United States v. Kis*, 658 F.2d 526, 536 (7th Cir. 1981)). The government may generally make this showing by providing an affidavit of the special

agent who issued summons. *Codner*, 17 F.3d at 1332 (citing *Balanced Fin. Mgmt., Inc.*, 769 F.2d at 1443). Then, to avoid enforcement of the summons, the taxpayer bears the burden of demonstrating an abuse of the court's process (*i.e.*, that the summons was issued for an improper purpose, "such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation"). *Id.* The burden on the taxpayer is a heavy one and he must do more "than just produce evidence that would call into question the Government's *prima facie* case." *Kis*, 658 F.2d at 538–39.

In this case, Respondent met its *prima facie* burden by submitting an affidavit of Agent Sothen indicating that the summonses were executed pursuant to a legitimate purpose, *i.e.*, "an examination of the income tax liabilities of Steven R. Rader and Vivian L. Rader, and the income and employment tax liabilities of Steven Rader Plumbing." (Docket No. 93- ¶ 5.) Agent Sothen further indicates that the summonses are relevant to that purpose as the banks summoned "have information and/or records that may be relevant to a determination of the correct tax liabilities of Petitioners and Steven Rader Plumbing." *Id.* ¶ 9. He also states that the information is not already within the possession of the IRS, *id.* ¶ 10, and that no Justice Department referral is in effect for either Petitioner, *id.* ¶ 12. Finally, Agent Sothen submits that all administrative steps required by the IRS for issuance of summonses have been complied with for the summonses at issue. *Id.* ¶ 11. I agree with Magistrate Judge Hegarty that Agent Sothen's affidavit is sufficient to meet Respondent's *prima facie* burden under *Powell*.

Petitioners challenge the summons by arguing that Agent Sothen acted in bad faith by failing to produce documentation or verification that Petitioners are "taxpayers" or that Petitioners were engaged in taxable activity during the years in question. I agree with Magistrate Judge Hegarty, however, that such an allegation is insufficient to meet Petitioners' heavy burden to rebut Respondent's *prima facie* case. Agent Sothen did, in fact, respond to Petitioners request for information on February 25, 2008. (Docket No. 1 at 53–56.) In particular, this correspondence either directly answered Petitioners' questions or directed them to the relevant Internal Revenue Code sections. *Id.* Furthermore, Agent Sothen attempted to schedule a meeting with Petitioners to begin the examination. *Id.* at 56. Therefore, I agree with Magistrate Judge Hegarty that Agent Sothen's answer to Petitioners' request for information was not in bad faith. Petitioners also claim that Agent Sothen acted in bad faith by failing to respond to FOIA. Magistrate Judge Hegarty determined that this argument could not serve to rebut Respondent's *prima facie* case as FOIA sets forth the proper procedure to challenge agency action. I agree. *See* 4 U.S.C. § 552(a)(4)(B) (establishing jurisdiction for district courts to "enjoin the agency from withholding agency records or to order the production of any agency records improperly withheld").

Finally, Magistrate Judge Hegarty concluded that, as Petitioners failed to establish bad faith or abuse of process, they were not entitled to an evidentiary hearing. I agree. "'If at this stage the taxpayer cannot refute the government's *prima facie Powell* showing or cannot factually support a proper affirmative defense, the

district court should dispose of the proceeding on the papers before it and without an evidentiary hearing.'" *Balanced Fin. Mgmt.*, 769 F.2d at 1444 (quoting *United States v. Garden State Nat'l Bank*, 607 F.2d 61, 71 (3d Cir. 1979)); *accord Abell v. Sothen*, 214 Fed. Appx. 743, 756 (10th Cir. 2007) (unpublished) (quoting *id.*).

Petitioners object to Magistrate Judge Hegarty's recommendation by setting forth a number of arguments. First, they argue that it is clear that Agent Sothen acted in bad faith because his suggestion of a meeting "required Petitioners to commit felony trespass." (Docket No. 14 at 2.). They do not, however, articulate in what manner felony trespass would be required. As such, this argument is insufficient to convince me that Magistrate Judge Hegarty was incorrect in determining that Agent Sothen acted in good faith. Second, Petitioners argue that Magistrate Judge Hegarty "testified" in his recommendation by stating his personal opinion and that opinion "has no place in a mandatorily neutral court proceeding." *Id.* at 3. Magistrate Judges, however, are authorized to make findings of fact and recommendations for matters dispositive of a claim. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Therefore, as I referred this case to Magistrate Judge Hegarty to "submit proposed findings of fact and recommendations for rulings on dispositive motions" (Docket No. 2), Magistrate Judge Hegarty acted within his authority in issuing the recommendation. I note that mere disagreement with Magistrate Judge Hegarty's recommendation does not make the recommendation incorrect or outside the bounds of his authority.

Petitioners further object by arguing that Magistrate Judge Hegarty

inappropriately relied on Agent Sothen's affidavit because the affidavit is hearsay as it was not made in court with the opportunity for cross-examination. The Tenth Circuit, however, has explicitly determined that the government may meet its *prima facie* burden under *Powell* by submitting an affidavit. *Codner*, 17 F.3d at 1332 (citing *Balanced Fin. Mgmt., Inc.*, 769 F.2d at 1443). Therefore, reliance on Agent Sothen's affidavit was not improper. In a related argument, Petitioners also appear to argue that Magistrate Judge Hegarty's reliance on the affidavit violated the parol evidence rule. The parol evidence rule, however, is inapplicable to this case because the parol evidence rule is a rule of contract interpretation and not one of evidence for a motion to dismiss. *See MediaNews Group, Inc. v. McCarthey*, 494 F.3d 1254, 1262 (10th Cir. 2007) ("[T]he parol evidence rule operates in the absence of fraud to exclude contemporaneous conversations, statements, or representations offered for the purpose of varying or adding to the terms of an integrated contract." (quotation omitted)); Howard O. Hunter, *Modern Law of Contracts § 7:6* ("The [parol evidence] rule itself is deceptively simple; If parties have reduced their entire agreement to writing, they are not allowed to introduce testimony of prior oral understandings that are at variance with the written agreement.").

     Petitioners present additional objections in the form of allegations of fraud on the court and other generalized allegations. These objections, however, are not fully developed and present me with no basis on which to reject Magistrate Judge Hegarty's recommendation. Therefore, I conclude that Magistrate Judge Hegarty's recommendation should be accepted.

Finally, should I accept Magistrate Judge Hegarty's recommendation, Petitioners request written findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52. Specifically, Petitioners request answers to thirty-four numbered paragraphs. Fed. R. Civ. P. 52(3), however, indicates that "the court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." As this matter is before me on a motion to deny or dismiss the Petition to Quash, Petitioners are not entitled written findings of fact and conclusions of law.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Hegarty (Docket No. 13), issued June 4, 2008, is accepted.

2. Respondent's Motion to Summarily Deny Petition (Docket No. 9) is granted.

3. Petitioners' "Petition to Quash Three IRS 3rd Party Summonses; Request for a Show Cause/Evidentiary Hearing; and Request for Protective Orders" (Docket No. 1) is denied.

4. This case is dismissed with prejudice.


DATED at Denver, Colorado, on November 17, 2008.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge